**In re Daniel E. WINNINGHAM, Debtor.**

**Myron N. Terlecky, Plaintiff,**

v.

**Chase Home Finance, LLC, Defendant.**

Bankruptcy No. 09–50783.
Adversary No. 09–2406.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division,
at Columbus.

March 8, 2011.

James A. Coutinho, Strip Hoppers Leithart McGrath & Terlec, Columbus, OH, for Plaintiff.

Holly N. Wolf, Manley Deas Kochalski, Amelia A. Bower, Columbus, OH, for Defendant.

### FINAL JUDGMENT

C. KATHRYN PRESTON, Bankruptcy Judge.

■ This is yet another adversary proceeding in which a Chapter 7 trustee is seeking to avoid a mortgage granted by the debtor whose estate the trustee is administering based on a certificate of acknowledgment that fails to identify the debtor/mortgagor—commonly known as a "blank acknowledgment"—and to preserve the mortgage for the benefit of the debtor's estate. The certificate of acknowledgment that Judge Hoffman found to be defective in his Memorandum Opinion on Trustee's Motion for Summary Judgment, entered on March 4, 2011 in *Rhiel v. Huntington Nat'l Bank (In re Phalen)*, 445 B.R. 830 (Bankr.S.D.Ohio 2011) ("Opinion"), also was blank and was governed by the same applicable Ohio law. In addition, in the instant adversary proceeding, defendant Chase Home Finance, LLC ("Defendant") has made most of the same arguments made by the lender in *Phalen*. First, the Defendant contends that the certificate of acknowledgment is sufficient for three reasons—because it includes the phrase "acknowledged before me," because it appears on the same page as the debtor's signature as "Borrower," and because it substantially complies with Ohio law. Second, the Defendant argues that, even if the certificate of acknowledgment was defective and the mortgage improperly executed, such defective execution would not matter because Ohio Revised Code § 5301.25(A)—which makes defectively executed instruments for the conveyance or encumbrance of real estate ineffective against subsequent bona fide purchasers—does not apply to mortgages. Judge Hoffman rejected each of those arguments in *Phalen* and, for the reasons set forth in the Opinion, this Court does as well.

■ The Defendant makes two arguments in the instant adversary proceeding that were not asserted in *Phalen*, but both of those arguments are unavailing for the Defendant. First, the Defendant argues that "Ohio cases on the date and venue

issues shows [sic] that errors or omissions on both are not material[.]"[1] That argument is entirely irrelevant to the question of the validity of a certificate of acknowledgment lacking the identity of the person doing the acknowledging. As explained in *Phalen* and the numerous cases discussed therein, the identity of the person who is acknowledging his or her signature is a material element of a certificate of acknowledgment. Second, citing *Baldwin v. Snowden*, 11 Ohio St. 203 (1860), the Defendant contends that "Ohio subscribes to the proposition that a certificate of acknowledgment is presumed to be valid, absent fraud." Def. Brief at 7. In *Baldwin*, the Ohio Supreme Court held that a certificate of the acknowledgment is, in the absence of fraud, conclusive evidence of the facts stated in the certificate. *See Baldwin*, 11 Ohio St. at 212. A blank acknowledgment, however, does not state, but rather omits a fact—the identity of the person doing the acknowledging—that is material under longstanding Ohio law. *Baldwin*, therefore, provides no support for the Defendant. Accordingly, Plaintiff Myron Terlecky's Motion for Summary Judgment ("Motion") (Doc. 7) is **GRANTED** in favor of Plaintiff Myron Terlecky ("Trustee") on: (1) Count I of the Complaint seeking to avoid, pursuant to 11 U.S.C. § 544(a)(3), the mortgage that the Debtor granted the Defendant; and (2) Count II of the Complaint seeking to preserve the lien represented by that mortgage for the benefit of the debtor's estate under § 551.

In Count III, the Trustee seeks disallowance in full of any proof of claim filed or to be filed by the Defendant. In the Motion, however, the Trustee recognizes that he is entitled only to reclassify the claim as unsecured. *See* Motion at 12. The Defendant failed to respond to the Trustee's attempt to disallow its claim or to reclassify its claim; thus, the Defendant essentially has conceded that its claim should at least be reclassified as unsecured if the mortgage is avoided. Furthermore, in light of the avoidance of the mortgage, reclassification of the Defendant's claim on account of the mortgage is appropriate. *See Terlecky v. Chase Home Fin., LLC (In re Sauer)*, 417 B.R. 523, 531 (Bankr. S.D.Ohio 2009) ("[T]he Trustee provides no basis for disallowing any claim held by [the lender]. Rather, he asserts a basis for avoiding the Mortgage and, if he is successful, reclassifying [the lender's] claim as unsecured."). Summary judgment on the Trustee's request to reclassify as unsecured the Defendant's claim on account of the avoided mortgage is therefore **GRANTED.**

In light of the foregoing, it is **ORDERED** and **ADJUDGED** that judgment on the Complaint filed by the Trustee in the instant adversary proceeding on Count I, Count II and Count III hereby is entered in favor of the Trustee and against the Defendant. The mortgage that the Debtor granted the Defendant is avoided pursuant to § 544(a)(3), the lien represented by that mortgage is preserved for the benefit of the Debtor's estate under § 551, and the Defendant's claim on account of the avoided mortgage is reclassified as an unsecured, nonpriority claim.

**IT IS SO ORDERED.**

---

1. *See* Brief of Chase Home Finance LLC in Opposition to Plaintiff's Motion for Summary Judgment (Doc. 8) ("Def. Brief") at 7.